UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN GEORGE,

    Plaintiff,

v.                                                                               Case No:  2:13-cv-551-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

    Defendant.

## OPINION AND ORDER

Plaintiff, Brian George, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED**, pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.    Social Security Act Eligibility, Procedural History, and Standard of Review**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Procedural History

On December 3, 2010, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of July 27, 2010. (Tr. 20).  Plaintiff's request for benefits was initially denied on January 10, 2011, and upon reconsideration on February 4, 2011. (Tr. 20).  Plaintiff filed a written request for a hearing on February 16, 2011. (Tr. 20).  An administrative video hearing was held before Administrative Law Judge ("ALJ") James Andres on August 31, 2011. (Tr. 20).  Plaintiff appeared in West Palm Beach, Florida, and the ALJ presided over the hearing from Fort Lauderdale, Florida. (Tr. 20). On July 5, 2012, the ALJ rendered his decision, in which he determined that Plaintiff was not under a disability, as defined in the Social Security Act, from July 27, 2010, through the date of his decision. (Tr. 31).  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 23, 2013. (Tr. 1).

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence

or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful activity. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

II.     **Background Facts and Summary of ALJ's Findings**

   A. **Background Facts**

Plaintiff was born on May 7, 1976, and was 34 years of age at the time of the alleged onset date. (Tr. 30). Plaintiff has at least a high school education and is able to communicate in English. (Tr. 30). Plaintiff has past relevant work experience as an agricultural laborer and store stocker. (Tr. 30). Plaintiff suffers from rheumatic heart disease. (Tr. 22).

### B. The ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and had not engaged in substantial gainful activity since July 27, 2010, his alleged onset date. (Tr. 22). At step two, the ALJ determined that Plaintiff had the severe impairment of rheumatic heart disease. (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23).

Before proceeding to step four, the ALJ made the following residual functional capacity ("RFC") determination:

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for at least two hours in an 8-hour day and sit for about six hours in an 8-hour day. Pushing and/or pulling are not affected by the impairment. He can frequently balance and occasionally climb ramps, stairs, ladders, and kneel, crouch, crawl and stoop. He has no manipulative, visual or communicative limitations and can have unlimited exposure to noise, dust and vibrations. He can have only limited exposure to temperature extremes, humidity/wetness, hazards such as machinery and heights, and fumes, odors, chemicals and gases. He should avoid environmental stress, especially heat and temperature extremes.

(Tr. 23). Given this RFC, at step four the ALJ found that Plaintiff is unable to perform his past relevant work. (Tr. 30).

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30). Applying the Grids, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 27, 2010, through the date of the ALJ's decision. (Tr. 31).

**III.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to elicit the testimony of a vocational expert ("VE") given the ALJ's finding that Plaintiff has nonexertional impairments which limit exposure to temperature extremes, humidity, wetness, hazards such as machinery and heights, fumes, odors, chemicals, gases and environmental stress like heat. (Doc. 21 p. 3). Plaintiff argues that the ALJ erred by relying on Social Security Ruling ("SSR") 96-9p to support his position that the nonexertional impairments assessed in Plaintiff's RFC do not significantly impact the occupational base. (Doc. 21 p. 18). According to Plaintiff, the ALJ's reliance on the Grids was erroneous because he made no finding that Plaintiff's environmental limitations have little or no impact on the occupational base. (Doc. 21 p. 18). Plaintiff argues that the ALJ should have consulted with a VE to determine the extent the occupational base is eroded by Plaintiff's nonexertional impairments. (Doc. 21 p. 19).

Defendant responds that the ALJ permissibly relied on the Grids to find that Plaintiff can perform sedentary jobs that exist in the national economy. According to Defendant, although Plaintiff's RFC includes some postural and environmental limitations, the ALJ found these limits had "little or no effect on the occupational base of unskilled sedentary work." Thus, Defendant argues, the ALJ did not err by relying on the Grids.

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). Exclusive reliance on the Grids, however, is not appropriate when either (1) the claimant is unable to perform a full range of work at a given residual functional level, or (2) when a claimant has nonexertional impairments that significantly limit basic work skills. *Id.*

(citations omitted).  When considering a claimant's nonexertional limitations, an ALJ need only determine whether the claimant's nonexertional impairments significantly limit the claimant's basic work skills. *Id.* at 1243.  The Eleventh Circuit has interpreted "significantly limit basic work skills" as limitations that prohibit a claimant from performing a wide range of work at a given level. *Id.* (citing *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995)).  If an ALJ determines that the nonexertional impairments do not prohibit a claimant from performing a wide range of work at a given level, then the ALJ may rely on the grids to determine if the claimant is or is not disabled. *Id.* If the nonexertional impairments significantly limit basic work skills, then the ALJ must consult a vocational expert. *Id.*

In this case, after finding that Plaintiff was unable to perform his past relevant work, the ALJ proceeded to Step 5 and applied the Grids. (Tr. 30).  The ALJ found that Grid Rule 201.27 directed a finding of "not disabled". (Tr. 31).  Although Plaintiff's RFC included some postural and environmental limitations, the ALJ found that these "additional limitations have little or no effect on the occupational base of unskilled sedentary work." (Tr. 31).  The ALJ explained that postural limitations or restrictions related to climbing ladders, ropes or scaffolds, balancing, kneeling, crouching or crawling would not usually erode the occupational base for a full range of sedentary work. (Tr. 31).  Additionally, the ALJ explained that the need to avoid all exposure to unusual hazards such as moving mechanical parts of equipment, tools or machinery would not result in significant erosion of the sedentary occupational base.

Plaintiff takes issue with the ALJ's failure to discuss specifically whether Plaintiff's environmental limitations (i.e., that Plaintiff "should avoid environmental stress, especially heat and temperature extremes") prohibit him from performing a wide range of work at the unskilled sedentary level. (Doc. 21 p. 19).  This argument is without merit.  The ALJ did, in fact, consider

Plaintiff's environmental limitations when he found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled sedentary work." (Tr. 31). Furthermore, "in general few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards." SSR 96-9p. "Even a need to avoid all exposures to these conditions would not, by itself, result in a significant erosion of the occupational base." *Id.* In this case, the ALJ considered Plaintiff's nonexertional limitations and explained his reasoning for finding that they have little or no effect on the occupational base of unskilled sedentary work. Accordingly, the Court finds that the ALJ did not err by relying on the Grids to determine that Plaintiff was not disabled.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence. The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter Judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties